THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUDELÍ JIMÉNEZ ORTIZ, Defendant and Appellant.

No. 15348.   Argued November 17, 1952.—Decided December 31, 1952.

*García Méndez & García Hermida* for appellant.   *J. B. Fernández Badillo, Acting Secretary of Justice,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

238

Mr. Acting Chief Justice Snyder delivered the opinion of the Court.

The defendant was convicted and sentenced in the former district court to six months in jail on a charge of carrying a prohibited weapon in violation of § 4 of Act No. 17 of January 19, 1951, Laws of Puerto Rico, Fifth to Twelfth Special Sessions, 1950–1951. The only assignment on appeal is that the lower court erred in overruling the demurrer filed by the defendant.

The information recited in part that on March 16, 1952 the defendant ". . . was illegally and willfully bearing and carrying a folding pocketknife, the said knife being a deadly weapon, with which bodily harm could be caused." The defendant contends that this language does not state facts constituting a crime under § 4 of Act No. 17, which reads as follows:

"Any person who possesses, bears or carries any weapon of the kind commonly known as blackjack, billy, or metal knuckles; and except when they are borne or carried on the occasion of their use as instrument proper of an art, sport, profession, occupation, or trade, any person who bears or carries any weapon of the kind commonly known as knife, dirk, dagger, sword, slingshot, sword cane, spear, jackknife, stiletto, ice pick, or any similar instrument, including also safety razor blades and bludgeons when drawn, exhibited, or used in the commission of a public offense or in the attempt of such commission; and any person who uses against another any of the weapons above named in this section, shall be guilty of a misdemeanor and if previously convicted of any violation of this Act, or of any of the offenses listed in Section 17 (*b*) hereof, shall be guilty of felony."

The *Fiscal* acquiesces in the contention of the defendant and joins in his prayer that the judgment be reversed. We agree with the argument of the defendant which is in substance as follows: Section 4 enumerates specifically the prohibited weapons which come within its ambit. To state an offense under § 4 it was therefore necessary for the information either to specify one of the weapons named in § 4 or to

allege that it was "a similar instrument" to one of those set forth in the statute. The information is therefore defective because it conforms to neither of these requirements.

■ We have not overlooked the fact that § 4 makes it an offense to carry a "jackknife" and that § 44 (d) of Act No. 17 defines "jackknife" as including "any penknife or folding pocketknife with a blade three (3) or more inches long." But the information does not give the length of the folding pocketknife; it therefore does not allege facts sufficient to warrant a conclusion that the weapon in question was a jackknife as defined in § 44 (d).

■ In overruling the demurrer, the former district court concluded that the issue of the length of the folding pocketknife constituted an exception to § 4 and was a matter of defense to be pleaded and proved by the defendant. The lower court relied on the italicized portion of our language in *People* v. *Avilés*, 54 P.R.R. 257, 260–1, reading as follows: "If the exception has been included in the definition of the offense in such a manner that a complaint which omitted it would not state the different elements of the offense with sufficient accuracy and certainty, in that case it is indispensable to allege the exception in the complaint, that is to say, that the facts be stated which would tend to show that the case against defendant is not included within any other exception of the law. *If on the contrary the exception appears in any other section of the law and the definition of the offense is so independent from the exception that the crime can be described with certainty and accuracy, without it being necessary to deny the exception, in that case the latter is considered a matter of defense and as such should be alleged and proved by the defendant.*" (Italics ours.)

We cannot agree with the lower court. If the information had alleged that the defendant was carrying a jackknife, it would not have been defective. The difficulty is that it charged him with carrying a folding pocketknife. Since the latter is not specifically enumerated in § 4, it is necessary

to resort to § 44 (*d*) to determine if carrying such an instrument constitutes a·violation of § 4. And § 44 (*d*) makes it a condition precedent that a folding pocketknife be three or more inches long for it to be a prohibited weapon. The rule with reference to exceptions laid down in the *Avilés* case therefore does not apply here inasmuch as the length of a folding pocketknife is an element of the offense. Moreover, even if this case did involve an exception, we think the question of the length of a folding pocketknife under the statute involved herein is so inextricably woven into the definition of the offense that an information under § 4 would not be valid unless it specifically negatived the exception. *People* v. *Rivera*, 73 P.R.R. 402; see *People* v. *Montalván*, 36 P.R.R. 713.

The judgment of the former district court will be reversed and the case remanded for the lower court to determine if a new information should be filed under § 157 of the Code of Criminal Procedure, 1935 ed., or to take any further proceeding not inconsistent with this opinion. See *People* v. *Calero*, 68 P.R.R. 295; *People* v. *Rivera*, *supra*, p. 406.

Mr. Justice Marrero did not participate herein.